IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CHERYL ASHIKE and LATANYA YAZZIE,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiffs,** | |
| **vs.** | Case No. 2:12CV11DAK |
| **MULLEN CRANE AND TRANSPORT, INC.,  and BROCK FARNWORTH,** | Judge Dale A. Kimball |
| **Defendants.** | |

This matter is before the court on Plaintiffs' Motion for Partial Summary Judgment.  On February 27, 2013, the court held a hearing on the motion.  At the hearing, Plaintiffs were represented by Paul D. Barber and Forrest G. Buffington, and Defendants were represented by Michael L. Ford.  The court took the motion under advisement.  The court has carefully considered all pleadings, memoranda, and other materials submitted by the parties, as well as, the law and facts relevant to the motion.  Now being fully advised, the court enters the following Memorandum Decision and Order.

## BACKGROUND

This case arises from an accident in which the lowboy part of Defendant Mullen Crane's oversize tractor trailer got stuck perpendicular to the highway while the driver, Defendant Brock Farnworth, was attempting to make a U-turn.  Plaintiff crashed into the lowboy while the trailer was stuck across the road.

Mullen Crane is in the business of transporting heavy equipment on public highways. Mullen Crane has a permit from the Utah Department of Transportation to drive oversize vehicles on the highways. Defendant Brock Farnworth was an employee of Mullen Crane at the time of the accident.

Mullen Crane dispatched Farnworth to pick up a crane at a wind farm in Milford, Utah. Farnworth was not given specific instructions on how to locate the crane or where to turn off Highway 257. When he passed the location, he attempted to make a U-turn on the highway. Farnworth was driving a tractor trailer combination that consisted of a Peterbilt power unit or tractor and a triple trailer, which included a "jeep" or front section, a main lowboy trailer, and a booster or end section. The tractor trailer combination was approximately 102 feet long and 10 feet wide. Therefore, the tractor trailer was oversized and required an oversize load permit to be driven legally on Utah highways.

Mullen Crane obtains an annual permit from the Utah Department of Transportation ("UDOT") allowing it to operate the oversize tractor trailer. Farnworth had a signed copy of that permit in the tractor trailer at the time of the accident. The permit states, in part: "The permit holder or authorized agent acknowledges that he/she has read and understands all the laws and regulations governing the use of this permit." Mullen Crane also obtained from UDOT a "trip permit" to allow the tractor trailer combination to carry the load it was sent to pick up.

Mullen Crane had a copy of and was familiar with all of UDOT's rules pertaining to oversize permits. Pursuant to Utah Code Annotated Section 72-7-406 and Rule 909-23 of the Utah Administrative Code, UDOT adopted the Utah Trucking Guide. Chapter 16 of the Trucking Guide, relating to oversize permits, states: "Liability of Permittee: The applicant or

permittee, as a condition for obtaining an oversize permit, shall assume all responsibility for crashes, including injury to any persons or damage to public or private property caused by operations."

Defendants admit that the operation of the oversize load in this case was a cause of the accident. In attempting to make a U-turn, Farnworth high centered the trailer across the road. Plaintiff then ran into the trailer, and both Plaintiffs were injured as a result of the crash.

## DISCUSSION

Plaintiffs seek partial summary judgment on liability and comparative fault, arguing that Defendants are fully liable for the accident as a result of operating the tractor trailer with an oversize use permit. The oversize use permit states that the holder has "read and understands all the laws and regulations governing the use of this permit." Under UDOT's administrative rules set forth in the Utah Trucking Guide, the permit holder, "as a condition for obtaining an oversize permit, shall assume all responsibility for crashes, including injury to any persons or damage to public or private property caused by operations."

Plaintiffs contend that the plain language of this regulation indicates that Defendants took over all responsibility to pay for damages resulting from a crash during its operation of the oversize vehicle. Defendants argue that Plaintiffs' interpretation of the Utah Trucking Guide must be rejected because it is contrary to the comparative fault provisions of Utah's Liability Reform Act and leads to absurd results.

Plaintiffs' interpretation seeks to place 100% fault on Defendants merely because they were operating under an oversize permit, with no regard to what happened in the accident. The Liability Reform Act mandates that a defendant can only be liable for that proportion of fault

attributed to that defendant.  Utah Code Ann. § 78B-5-820(1).  The plain language of the Utah

Trucking Guide provides that the permit holder assumes all responsibility for injury or damages

"caused by" its operations.  The language "caused by" does not appear to contradict Utah's

statutory comparative fault system.  Therefore, contrary to Plaintiffs assertion, a plain language

reading of the provision does not displace Utah's comparative negligence scheme.

Plaintiffs, however, contend that by reading the provision to be consistent with

Utah's Liability Reform Act, the court would be giving the provision no meaning.  The provision

would merely be stating that permit holders are subject to the comparative fault scheme.

Plaintiffs assert that this reading neuters the provision.  The court disagrees.  It is a general

cannon of statutory interpretation to read seemingly competing provisions as consistent.  The

court is not reading meaning out of the provision by interpreting it to mean that the principles of

comparative fault apply.

Moreover, Defendants argue that if the provision is interpreted as Plaintiffs

suggest, a permit holder would be solely liable in an accident in which the other driver is solely

at fault.  At oral argument, the court asked Plaintiffs about a hypothetical involving a drunk

driver running a red light and crashing into an oversize trailer that was obeying traffic laws.

Plaintiffs responded that the permit holder, in that instance, would only be liable if the

"oversizeness" of the trailer played a role.  For instance, if the trailer was still in the intersection

because of its oversize length.  In that scenario, Plaintiffs contend that if the over long part of the

trailer was still in the intersection, regardless of whether it was still there legally, no regard would

be given to whether the driver of the other vehicle was drunk or running a red light, the permit

holder would be fully liable.  However, under Plaintiffs' interpretation of the provision, if a

drunk driver ran a red light and hit the front cab of the oversize tractor trailer, i.e. the part of the

vehicle that does not contribute to the vehicle being oversized, Utah's comparative fault statute

would apply because the oversize nature of the tractor trailer was not relevant to the accident.

This interpretation of the UDOT provision is far too complicated to be what UDOT intended by

the language it used.  If UDOT intended to make this type of distinction, it could have easily used

language to such effect.

        The court concludes that Plaintiffs' interpretation of UDOT's regulation cannot be

the interpretation intended by UDOT because it leads to absurd results.  This language cannot be

interpreted to mean that as a condition of obtaining an oversize use permit, a permit holder agrees

to be fully liable to any third party in any accident in which it may be involved even if the other

party was solely at fault in causing the accident.  Moreover, Plaintiffs attempt tp limit the liability

to accidents resulting from the "oversizeness" of the permit holder's vehicle is not supported by

the language and is unworkable.

        Defendants further point out that if the court were to accept Plaintiffs'

interpretation of the provision, an oversize vehicle legally operating with an oversize permit

would be responsible for all liability in any accident regardless of fault whereas an oversize

vehicle not legally operating with an oversize permit would be subject to Utah's comparative

fault statute.  This inconsistency could actually create an incentive in the industry for not

obtaining an oversize vehicle permit.

        There are no Utah cases construing UDOT's regulation.  However, Plaintiffs rely

on an Indiana Court of Appeals case in which the court concluded that a condition for obtaining

an oversize permit required the permit holder to indemnify the state even for the state's own

negligence.  *State of Indiana v. Daily Express, Inc.*, 465 N.E.2d 764 (Ind. Ct. App. 1984).  The

court viewed the condition as a reasonable safeguard to the State against liability.  The case is

distinguishable, however, because it dealt with liability only between the permit holder and the

state.

>        Nonetheless, Plaintiffs argue that the court should consider the case because the

provision in this case is even broader than the one at issue in the Indiana case and the broader

language makes the permittee liable for all damages, to any third party, not just damages to the

state.  Defendants, however, assert that despite the broader language used in the Utah provision,

the court should interpret the provision to mean the same thing as the Indiana provision.

Defendants contend that this interpretation of the Utah provision recognizes that UDOT could

only affect the liability between it and the permit holder.  Defendants argue that UDOT was not

given any statutory authority to alter Utah's comparative fault scheme between a permit holder

and a third party.  However, UDOT could alter the comparative fault allocation between itself

and a permit holder as a condition for obtaining a permit.  In fact, the language of the provision

states "as a condition for obtaining a permit."  In that sense, the change in the allocation of fault

would be akin to a contractual condition between the parties to the contract (permit), not a

change in the allocation of fault between a permit holder and all third parties.

>        Utah Code Ann. § 72-7-406 provides that "[UDOT] may, upon receipt of an

application and good cause shown, issue in writing an oversize permit or an oversize and

overweight permit."  "[UDOT] shall make rules governing the issuance and revocation of all

permits under this section and Section 72-7-407."  UDOT "may deny or issue a permit under this

section to protect the safety of the traveling public and to protect highway foundation, surfaces,

or structures from undue damage by one or more of the following: (i) limiting the number of trips

the vehicle may make; (ii) establishing seasonal or other time limits . . . ; (iii) requiring security

in addition to the permit to compensate for any potential damage by the vehicle to any highway;

and (iv) otherwise limiting the conditions of operation or movement of the vehicle." *Id.* § 72-7-

406(1)(d).

There is no mention of any authority to make rules regarding assessment or

allocation of fault for an accident involving an oversize permit holder.  A rule making that kind

of policy consideration would need statutory authorization.  The Utah Legislature has already set

the policy for allocating fault in the Liability Reform Act.  Nothing in the Trucking Guide

overrides Utah's comparative fault statute.  The Utah Trucking Guide provision does not allocate

liability in the event of an accident between the permit holder and all third parties involved in any

accident.  Rather, as a condition of entering into a contract with UDOT for a permit, it provides

that as between the permit holder and UDOT, all responsibility lies with the permit holder and

not UDOT.

Utah's Liability Reform Act, specifically Utah Code Annotated Section 78B-5-

817, provides that "[n]othing in Sections 78B-5-817 through 78B-5-822 affects or impairs any

right to indemnity or contribution arising from statute, contract, or agreement."  Plaintiffs assert

that whether Defendants' full liability is viewed as a statutory requirement or a contractual

requirement, permittees such as Defendants are required to indemnify or pay for all damages

caused by that operation, not just a portion as would be the case under the comparative fault

statute.  However, at most, the liability provisions of the Utah Trucking Guide can only be read

as a change in the allocation of liability between the parties to the permit, UDOT and the permit

holder.  The language of the Utah Trucking Guide at issue cannot be read to support an

interpretation that it creates a right to indemnity arising from statute, contract, or agreement as

referenced in the Liability Reform Act to any third parties involved in any accident involving an

oversize vehicle operating with an oversize use permit.  To the extent that the process for getting

an oversize permit is a contract or agreement between Defendant and UDOT, Plaintiffs were not

a party to the agreement for the oversize permit.  UDOT issued the permit and any right of

indemnification flows to UDOT.  The Utah Trucking Guide has no application to this case

because UDOT is not a party and nobody is attempting to apportion fault to UDOT for issuing

the permit.

   Plaintiffs argue that the Utah Legislature authorized and ratified UDOT's

Trucking Guide because the liability provision in the Trucking Guide at issue is currently

codified at R909-2-8(5) of the Utah Administrative Code published by UDOT.   The court agrees

with Plaintiffs that, under Utah law, administrative regulations adopted pursuant to a statutory

grant of authority have the full force and effect of law.  *Horton v. Utah State Retirement Board*,

842 P.2d 928, n.2 (Utah Ct. App. 1982).  However, such law does not mandate that the court

accept Plaintiffs' interpretation of the regulation.

   Finally, Plaintiffs argue that in shifting the entire risk of loss to the permit holder

under the Utah Trucking Guide, UDOT was merely balancing the interests and "needs of the

traveling public, commerce, and industry" as set forth in Utah Code Ann. § 72-1-201(4).  The

Utah Legislature has already made the operator of an oversize vehicle strictly liable for damage

to highways.  Utah Code Ann. § 72-7-301(2)(b).  Plaintiffs assert that UDOT, by regulation, has

simply extended that concept to all injury to any person.  Plaintiffs contend that this is consistent

with the fact that operating such a large vehicle is an abnormally dangerous activity.  The court

has already explained its disagreement with Plaintiffs' argument that such vague statutory

language provides UDOT with the authority to fundamentally alter Utah's comparative fault

scheme as to oversize permit holders and all drivers on Utah's roads.  In addition, even if the

Utah Trucking Guide was viewed as establishing strict liability against Defendants, the Liability

Reform Act would still require the jury to apportion fault between plaintiffs and defendants.

Utah Code Ann. § 78B-5-817.  The definition of "fault" within the Liability Reform Act includes

"strict liability," and Utah courts have determined that this inclusion indicates that "the

legislature clearly intended comparative fault to be applied to strict liability claims."  *S.H. ex rel*

*Robinson v. Bistryski*, 923 P.2d 1376, 1380 (Utah 1996).

          The court concludes that the plain language of the provision states that the

permittee "assumes all responsibility for crashes . . . caused by their operations."  The language

"caused by" does not alter the allocation of fault between an oversize permit holder and all other

drivers.  Plaintiffs' interpretation would read out the words "caused by" altogether and lead to the

absurd result that a permit holder could be solely liable for crashes in which another driver is

solely at fault.  If UDOT intended such a result, it would have used different language.

Moreover, there is no statutory language granting UDOT authority to override Utah's

comparative fault scheme and alter the allocation of fault as between an oversize permit holder

and all third parties.  The language of the provision providing that it is "a condition of obtaining

a permit," supports an interpretation that UDOT is altering only the allocation of fault between

itself and the permit holder.  Accordingly, the court denies Plaintiffs' summary judgment as to

liability and comparative fault.

## CONCLUSION

Based on the above reasoning, Plaintiffs' Motion for Partial Summary Judgment

as to liability and comparative fault is DENIED.

DATED this 2d day of April, 2013.

BY THE COURT:

Dale A. Kimball,
United States District Judge