IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CHERYL ASHIKE and LATANYA YAZZIE,**<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>**MULLEN CRANE AND TRANSPORT, INC., and BROCK FARNWORTH,**<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:12CV11DAK<br><br>Judge Dale A. Kimball |

　　　　This matter is before the court on Defendants' Motion in Limine to Exclude the Testimony of Robert Pachella, Ph.D. and Request for Daubert Hearing.  On January 15, 2014, the court held a hearing on the motion.  At the hearing, Plaintiffs were represented by Paul D. Barber and Forrest G. Buffington, and Defendants were represented by Michael L. Ford.  The court heard oral argument, Dr. Pachella was sworn and testified, and the court took the motion under advisement.  The court has carefully considered all pleadings, memoranda, and other materials submitted by the parties, as well as, the law and facts relevant to the motion.  Now being fully advised, the court enters the following Memorandum Decision and Order.

## BACKGROUND

　　　　This case arises from an accident in which the lowboy part of an oversize tractor trailer became stuck across the highway when the driver was attempting to make a u-turn and Plaintiff Cheryl Ashike, another driver on the highway, crashed into it.  Ashike was the third driver to

come upon the trailer. All three drivers initially thought that the trailer was a cattle guard. However, the first two drivers were able to stop in time to avoid hitting the trailer and pulled over to the side of the road.

Plaintiffs designated Dr. Robert Pachella, Ph.D., as a "human factors" expert. Dr. Pachella is a psychology professor at the University of Michigan, who specializes in the study of human perception and performance. Dr. Pachella's report scientifically explains how an object that is something other than what it appears can cause a delay in human reaction time.

## DISCUSSION

Defendants seek an order excluding the testimony of Dr. Robert Pachella, Ph.D. on the basis that his opinions do not satisfy the requirements of Rule 702 of the Federal Rules of Evidence. Rule 702(a) provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

Defendants do not challenge Dr. Pachella's qualifications or the scientific basis for his opinions. Rather, Defendants argue that Dr. Pachella's opinions are not helpful to a jury because they are based on a concept that is common to everyone's experience and understanding. The Tenth Circuit has held that "there is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." *United States v. Fredette*, 315 F.3d 1235, 1240 (10th Cir. 2003).

Dr. Pachella's report notes that there were three vehicles, containing a total of six individuals, that approached the lowboy trailer on the roadway. Each of the individuals saw the trailer and initially thought it was a cattle guard. The first driver to approach, Jay Severson, slammed on his brakes when he realized the trailer was not a cattle guard and came to a stop within 30 to 60 feet of the trailer. He then pulled his car to the side of the road and turned on his hazard lights. The second driver, Gracie Davis, came to a comfortable stop within approximately 240 feet of the trailer. She also pulled off to the side of the road and turned on her hazard lights. As Plaintiff's pickup truck approached, Davie stood in the roadway, waiving her arms to flag Plaintiff down. Ashike's pickup passed Davie at a considerable speed. Ashike does not remember the accident, but her last memory before the accident was the realization that the object across the roadway was actually a flatbed trailer.

Defendants argue that Dr. Pachella's opinion that a person's delayed appreciation of a hazard will result in that person's delayed response to the hazard is within the common understanding of everyone. Defendants claim that an opinion that all three drivers delayed in realizing that the trailer was not a cattle guard and the scientific basis for how that causes a delay in reaction is not helpful. Defendants further argue that Dr. Pachella's opinions are not helpful because he does not address why Ashike was unable to avoid the accident when the other two drivers could.

Plaintiffs argue that the mind's process in perceiving and misperceiving objects is not obvious. The impact of the human process of recognition on potential reaction time is a matter of well-accepted scientific study. Moreover, Dr. Pachella testified that after teaching the topic for over 40 years to thousands of college students, he can state that the process is not obvious to

3

the average person.

Plaintiffs further assert that Defendants' "too common" or "not helpful" claims are belied by the report of Defendants' accident reconstructionist, Mr. Rose. Plaintiffs contend that Rose ignored the principles explained by Dr. Rachella in reaching his opinion of the time available to Ashike to avoid the accident,. Rose bases his opinions on the point in time when Ashike would have been able to see the trailer across the road. Rose does not address the fact that Ashike perceived the trailer as cattle guard when she first saw the trailer across the road or the human factors principles associated with the misconception.

The court agrees with Plaintiffs that they should be entitled to present evidence from a human factors specialist to explain how the perception process works and the delay it can cause. The court concludes that this information can help the jury weigh and understand all of the evidence in assessing comparative fault.

In their motion, Defendants further assert that Dr. Pachella's report is unhelpful because he offers no explanation for why the first two drivers were able to stop in time but Ashike was not. During Dr. Pachella's testimony at the hearing, however, he testified that Ashike's perception was compromised by the increasing distractions on the side of the road. Because this explanation was not in his report, Defendants asked the court not to allow such testimony. The court agrees that if Plaintiffs seek to introduce such an analysis or theory, they must supplement Dr. Pachella's report and provide the basis for his opinion. Such a theory does not appear to relate to Dr. Pachella's analysis regarding misperception. And, it was not clear from Dr. Pachella's testimony at the hearing whether he was relying on scientific studies when giving his opinion as to increasing distractions. Plaintiffs must provide such supplementation within two

weeks of the date of this Order if Plaintiffs wish to introduce this type of theory at trial.  If a supplemental report is provided, Defendants may depose Dr. Pachella with respect to the supplementation.

## CONCLUSION

Based on the above reasoning, Defendants' Motion in Limine to Exclude the Testimony of Robert Pachella is DENIED.

DATED this 27th day of January, 2014.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge